# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

GWEN McANDREWS,

                  Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

                  Defendant.

Case No. 11-CV-304-FHM

## OPINION AND ORDER

Plaintiff, Gwen McAndrews, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's October 5, 2007, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") David W. Engel was held February 13, 2009. By decision dated October 26, 2009, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on March 23, 2011. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 39 years old on the date of alleged onset and 45 on the date of the ALJ's decision. She completed the 11th grade and formerly worked as pharmacy clerk, secretary, hospital clerk, warehouse worker, and inventory forms clerk. She claims to have been unable to work since October 1, 2003 as a result of knee pain, a lung disorder which impacts her ability to breathe, and a laceration of the left thumb.

## **The ALJ's Decision**

The ALJ determined that Plaintiff is limited to walking or standing two hours in an eight hour workday and is able to sit for six hours in an eight hour workday with regular work breaks. She can lift 10 pounds occasionally, 5 pounds frequently and 3 pounds if overhead lifting is required. She is limited to occasional stooping, bending, crouching, crawling, overhead lifting, and use of foot pedals. Tasks requiring grip strength in excess of 10 pounds in the non-dominant hand can only be performed occasionally. Plaintiff is unable to climb or work in environments where she would be exposed to unprotected heights, dangerous moving machinery parts, or temperature extremes. She is able to

understand, remember, and carry out simple to moderately detailed instructions in a work-related setting, but unable to interact with the general public more than occasionally, even over the telephone. [R. 18-19]. Based on the testimony of a vocational expert, the ALJ determined that although Plaintiff cannot perform her past relevant work, there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

On appeal Plaintiff argues that the ALJ committed the following errors: (1) failed to comply with SSR 00-4p by failing to ask the vocational expert if her testimony was consistent with the Dictionary of Occupational Titles (DOT); (2) "cherry-picked" evidence that supported his conclusion; (3) failed to perform a proper credibility analysis; (4) failed to identify what weight he gave to medical opinions; and (5) failed to include all impairments in the RFC.

## **Analysis**

### Consistency of Vocational Expert Testimony with the DOT

In *Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999), the Tenth Circuit held that "the ALJ must investigate and elicit a reasonable explanation for any conflict between the Dictionary [of Occupational Titles] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability." Plaintiff argues that the case should be remanded for further

3

proceedings because the ALJ did not ask the vocational expert whether her testimony was consistent with the DOT as required by *Haddock* and SSR 00-4p. The ALJ did not ask whether the testimony was consistent with the DOT. There is, however, no error since the vocational expert provided DOT numbers for the occupations she identified in her testimony. [R. 58-59]. It is abundantly clear that the vocational expert's testimony was consistent with the DOT. *See Poppa v. Astrue*, 569 F.3d 1167, 1173-74 (10th Cir. 2009)(failure to ask about conflicts between DOT and vocational expert testimony harmless where there were no conflicts with the DOT).

### Evaluation of the Medical Evidence

Plaintiff suffered an on-the-job inhalation lung injury in June 2001. The record contains pulmonary function tests which Plaintiff's treating pulmonologist, Dr. Carlile, described as demonstrating a moderate restrictive defect in February 2003, [R. 449, 453], and in May 2003 as a mild restrictive defect, [R. 441], and a very mild restrictive defect. [R. 438]. Throughout the decision, the ALJ described Plaintiff as having mild restrictive disease. [R. 20]. Plaintiff argues that there is a conflict in the record about the meaning of Plaintiff's pulmonary function tests. She contends that the ALJ was required to discuss the conflict and that the ALJ's characterization of her pulmonary condition as being mild is not supported by the medical record.

Dr. Carlile's testing and his comments about the Plaintiff having a mild or moderate disease or defect predate the alleged onset date of October 2003. Further, Plaintiff was working at the time of these tests. [R. 225]. Since the alleged conflict in the medical record predated the onset date, occurred when Plaintiff was still working, and since the alleged conflict did not address work-related limitations, the court finds no error in the ALJ's

4

failure to discuss the difference in Dr. Carlile's characterization of the severity of Plaintiff's test results. Furthermore, the lung function tests performed on March 14, 2009 were interpreted as demonstrating "mild restrictive disease," [R. 459, 462], which fully supports the ALJ's use of the term mild to describe Plaintiff's disease or defect. The court finds that the ALJ accurately summarized the medical record and was not guilty of what Plaintiff calls "cherry picking" the evidence.

### Credibility Analysis

Plaintiff argues that the ALJ's finding that Plaintiff's lung disorder was "severe" at step two of the evaluative sequence was inconsistent with the characterization of her lung defect as being mild. This argument evinces a fundamental misunderstanding of the meaning of the term "severe" at step two and the ALJ's use of the term in that context.

As used in step two, "severe" is a term of art defined in the Social Security regulations. A "severe" impairment is one which significantly limits the physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c), 404.1521(a), 416.921(a). The determination at step two requires only a de minimis showing of limitation in the ability to perform work-related activities. *See Hinkle v. Apfel*, 132 f.3d 1349, 1352 (10th Cir. 1997); and *see* SSR 85-28, 1985 WL 56856 at *3 (providing that a step-two finding of "non-severe" impairment is only to be made where "medical evidence establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on a individual's ability to work even if the individual's age, education, or work experience were specifically considered"). The finding that an impairment is "severe" at step two does not speak to the severity of the underlying medical condition. Therefore, the finding that Plaintiff's lung defect is a severe

5

impairment at step two is not inconsistent with the characterization of the defect as a mild one from a medical standpoint.

The court finds no error in the ALJ's credibility analysis. The ALJ cited numerous grounds, tied to the evidence, for the credibility finding including: the characterization of pulmonary testing by Plaintiff's treating pulmonologist and the March 2009 testing as reflecting a "mild" defect; the absence of any report in the medical notes of Plaintiff's inability to function; and the post-surgery release of Plaintiff to return to full duty work with the only limitation being avoiding kneeling and squatting of a repetitive nature. [R. 20].

"Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005) (citation, brackets, and internal quotation marks omitted). The ALJ properly linked his credibility finding to the record, therefore the undersigned finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determination.

### Weight Accorded Physician's Opinions

The court rejects Plaintiff's argument that the case should be reversed because the ALJ failed to identify what weight he gave to the opinions of her treating physicians. [Dkt. 15, p. 8]. The ALJ stated: "[t]he medical opinions of the claimant's treating physicians are given full weight because they are consistent with the objective medical evidence." [R. 21].

6

Residual Functional Capacity (RFC) Determination

Plaintiff argues that the ALJ erred in failing to include pulmonary irritants such as fumes, dust, odors, and gasses in the RFC. The ALJ did not include those environmental restriction in the RFC written in the decision. The ALJ did, however, include "no concentrations of dust, fumes, gasses" in the hypothetical questioning of the vocational expert. [R. 57-58]. The DOT listing for the occupations identified by the vocational expert do not involve exposure to such irritants. The court finds therefore that the ALJ's failure to list pulmonary irritants among the restrictions contained in the written decision is not a basis for reversing the ALJ's decision.

## **Conclusion**

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The Court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED

SO ORDERED this 24th day of May, 2012.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE